**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| W.W.,<br><br>Plaintiff,<br><br>v.<br><br>Orlando Health, Inc.,<br><br>Defendant. | Case No. 6:24-CV-01068-JSS-RMN<br><br>Judge Julie S. Sneed<br><br>Magistrate Judge Robert M. Norway |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff respectfully supplements her argument in her Opposition brief that Defendant's use of Tracking Tools satisfies the crime-tort exception of an ECPA claim. (ECF No. 20, Plaintiff's Opp. at PageID 174) with the following decisions:

- *Gay v. Garnet Health*, No. 23-CV-06950 (NSR), 2024 WL 4203263, at *3 (S.D.N.Y. Sept. 16, 2024) ("Plaintiffs' Complaint explicitly asserts that Defendant's interception and transmitting of Plaintiffs' PHI and PII was for the purpose of 'increase[ing] its profit margins' and for 'financial gain.' . . . Similar allegations have been found to be sufficient to invoke the criminal or tortious exception to the one-party consent rule under the ECPA.")

- *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. CV 22-4674, 2024 WL 4350328, at *5 (E.D. Pa. Sept. 30, 2024) ("Defendant additionally argues that financial motives are not sufficient to prove an intent to tortiously injure Plaintiffs. But Plaintiffs need not plead financial motive to invoke the crime-tort exception as they have already sufficiently pleaded Defendant's intention to violate HIPAA. Plaintiffs' ECPA claim will proceed.")

Plaintiff also supplements her argument that the information transmitted by the Tracking Tools qualifies as "contents" for purposes of the FSCA claim (Plaintiff's

Opp. at PageID 172) with the following cases analyzing FSCA or the similar California Invasion of Privacy Ac ("CIPA"):

- *A.D. v. Aspen Dental Mgmt., Inc.*, No. 24 C 1404, 2024 WL 4119153, at *5 (N.D. Ill. Sept. 9, 2024) (upholding FSCA and CIPA claims and finding, "[i]n this case, the URLs at issue include terms entered into search fields and fillable forms. This is sufficient to plausibly allege that covered 'content' was intercepted.")

- *St. Aubin v. Carbon Health Techs., Inc.*, No. 24-CV-00667-JST, 2024 WL 4369675, at *5 (N.D. Cal. Oct. 1, 2024) (upholding CIPA claim and stating, "[b]ecause Plaintiff has sufficiently pleaded that the URLs transmitted to Facebook and Google include a patient's symptoms or the reason for her medical appointment, she sufficiently alleges the contents of a communication.").

- *M.G. v. Therapymatch, Inc.*, No. 23-CV-04422-AMO, 2024 WL 4219992, at *5 (N.D. Cal. Sept. 16, 2024) ("In summary, M.G. has adequately alleged that Headway disclosed content information to Google, that the interception occurred in transit, and Headway aided and abetted Google, and the Court DENIES Headway's motion to dismiss CIPA Section 631.")

DATE: November 11, 2024

Respectfully Submitted,

*/s/ Clint Watson*

Clint Watson
**The Lyon Firm**
2754 Erie Ave.
Cincinnati, Ohio 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*cwatson@thelyonfirm.com*

Mariya Weekes
**Milberg Coleman Bryson Phillips Grossman, PLLC**
201 Sevilla Avenue, 2nd Floor
Coral Gables, FL 33134
954-647-1866
*mweekes@milberg.com*
***Counsel for Plaintiff and the Putative Class***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the Court's CM/ECF filing system on November 11, 2024 and that all counsel of record receive a copy of the document through that service.

*/s/ Clint Watson*