**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| W.W.,<br><br>Plaintiff,<br><br>v.<br><br>Orlando Health, Inc.,<br><br>Defendant. | Case No. 6:24-cv-01068 |

# DEFENDANT'S MOTION TO COMPEL DISCOVERY AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 37, Orlando Health, Inc. ("**Orlando Health**") respectfully moves for an order compelling Plaintiff W.W. ("**Plaintiff**") to search for and produce Facebook posts made by Plaintiff relating to her health, including without limitation medical providers, medical conditions, and other health information, for the period between March 16, 2019, to the present.

## I. INTRODUCTION

Despite Plaintiff (1) alleging that her receipt of Facebook ads "for ileostomy bags, products or services related to strokes, aortic stenosis, and heart failure, neuropathy doctors from Orlando Health, and spinal decompression" "confirms" that Orlando Health shared her "Private Information" to Facebook, (2) filing a Declaration in support of her Motion for Class Certification attesting that she received targeted advertisements following her interactions with Orlando Health's website, and (3) seeking damages for the purported "value" of her "Private Information," Plaintiff

refuses to produce Facebook posts *made by her* relating to her health information. (Doc. 1 at ¶¶ 110-11). And in violation of Fed. R. Civ. P. 34(b)(2)(C), Plaintiff will not even advise if responsive documents (i.e., Facebook posts made by Plaintiff relating to her health information) are being withheld on the basis of her objections.

Plaintiff's positions are not well taken. Whether Plaintiff voluntarily shared her health information on Facebook is directly relevant to the source of the complained-of targeted advertisements—a fact she uses to support her conclusion that Orlando Health shared her health information to Facebook. Further, whether Plaintiff voluntarily shared her health information on Facebook is directly relevant to whether she considers such information "private" and assigns a "value" to it. In other words, if Plaintiff freely shared on Facebook the same information she complains Orlando Health allegedly shared with Facebook, Orlando Health is entitled to present this as evidence that Plaintiff does not consider the information private or valuable. Orlando Health is also entitled to this discovery because its rebuttal expert will opine that sharing of information for free on a social media platform directly impacts the value a person places on the information.

Notably, Plaintiff has refused to even identify if responsive documents are being withheld based on her objections. There is no justification for such a position, which is in direct violation of Rule 34. Fed. R. Civ. P. 34(b)(2)(C) (requiring a party to "state whether any responsive materials are being withheld on the basis of" an objection).

## II. BACKGROUND

In its First Request for Production of Documents, request no. 38, Orlando Health requested that Plaintiff produce "A copy of any information available at www.facebook.com/settings/?tab=your_facebook_information for your Facebook profile, including a copy of "your information" and screenshots of any "Off-Facebook activity." This request asks for information concerning Plaintiff that Facebook has and/or that Plaintiff has voluntarily provided, including but not limited to Facebook posts wherein Plaintiff may have voluntarily disclosed her information, which could have then led to the complained-of advertisements. Plaintiff objected that the request is "overly broad, disproportionate to the needs of the case, and seeks irrelevant information unlikely to lead to admissible evidence" and that "'your information' available at the provided url would entail an abundance of personal information that is unlikely to lead to admissible evidence." A copy of Plaintiff's Responses and Objections to Defendant's First Request for Production of Documents is attached hereto as **Exhibit "A"**.

On September 23, 2025, counsel for Orlando Health requested that Plaintiff produce her social media posts on Facebook as they are relevant in this matter. On October 3, 2025, and on November 7, 2025, the Parties held meet and confers to discuss, among other discovery disputes, Orlando Health's request for Plaintiff to produce her Facebook posts. During such conferrals, and in a good faith effort to reach a compromise, Orlando Health limited its request to Facebook posts made by Plaintiff relating to her health (including medical providers, medical conditions, and health

information). During these conferrals, counsel for Orlando Health also requested that Plaintiff's counsel advise whether responsive documents are being withheld based on Plaintiff's relevance objection. In these multiple meet and conferrals Plaintiff's counsel has refused to even identify whether responsive documents (i.e., Facebook posts by Plaintiff relating to her health) are being withheld on the basis of Plaintiff's relevance objection.

## III. PLAINTIFF'S ALLEGATIONS AND CLAIMS MAKE HER FACEBOOK POSTS RELEVANT.

"A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *Dobruck v. Borders*, No. 8:16-CV-1869-T-33JSS, 2017 WL 417184, at *1 (M.D. Fla. Jan. 31, 2017) (citing Fed. R. Civ. P. 26(b)(1)). "The term 'relevant' in Rule 26 should encompass 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Discovery must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Showing that information is relevant is a "low bar." *Noshirvan v. Couture*, No. 2:23-CV-1218-JES-KCD, 2024 WL 4213712, at *3 (M.D. Fla. Sept. 17, 2024). It is the

opposing party who bears the "heavy burden of showing why the requested discovery should not be permitted." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010). "The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request." *Coker v. Duke & Co.,* 177 F.R.D. 682, 686 (M.D. Ala. 1998).

Plaintiff's Facebook posts relating to her health are undoubtedly relevant because Plaintiff has placed them squarely at issue. Plaintiff has alleged that Orlando Health disclosed her PHI to Meta and as a result "suffered injuries" including through the purported diminution in value of her information and her receipt of targeted advertisements relating to her medical conditions. (*See* Doc. 1 at ¶ 113).

Plaintiff has also retained an expert to opine on the value of personal information. Plaintiff's damages expert, Eric Krause, was retained to assess if economic damages from Orlando Health's alleged transfer of PHI "can be reasonably established and valued on a class-wide basis." (Doc. 52, Ex. 1 (Lyon Decl.) at Exhibit J, ¶ 1). And while Plaintiff's counsel has taken the position that Krause's valuation is independent of whether Plaintiff disclosed information regarding her medical health, Krause relies on studies measuring the "minimum price an individual would accept to sell their personal information" and "the maximum price an individual would be willing to pay to protect their personal information." (*Id.* at ¶ 46).

Whether Plaintiff shared her "Private Information" for free on Facebook is directly relevant to whether she considers it "private" and valuable. If Plaintiff publicly disclosed her medical information for free, it suggests she attributes very little value to

it; afterall, if she publicly discloses such information for free on social media then she would not have been able to "sell" it for much value, if any. Moreover, Orlando Health's rebuttal expert will contend that valuation is highly individualized and hinges on the weight each person assigns to privacy. Plaintiff's public disclosure of information would impact whether she considers the information private and the importance she attributes to it. While Plaintiff and Krause will undoubtedly dispute this, this is a merits issue and such a dispute should not foreclose Orlando Health's ability to obtain discovery to advance its defenses and rebuttal expert opinions. Plaintiff cannot unilaterally bar discovery based on her expert's opinion alone. *See Props. of the Villages, Inc. v. Kranz*, No. 5:19-CV-647-OC-30PRL, 2020 WL 6393834, at *3 (M.D. Fla. Nov. 2, 2020) ("[D]uring discovery the court is not required to examine the likelihood of success or the merits of any claims or defenses, rather, the court must consider whether the information" is relevant and the request is proportional); *Solomon v. United Specialty Ins. Co.*, No. 0:22-CV-62405, 2024 WL 552187, at *4 (S.D. Fla. Feb. 12, 2024) ("Whether an affirmative defense is meritorious is not a matter to be resolved as part of a discovery dispute."). Plaintiff's relevance objection is just a disguised merits argument that has no bearing on discoverability.

Moreover, Plaintiff alleges she suffered injury from "unwanted targeted advertisements" resulting from Orlando Health's disclosure of her PHI. (Doc. 1 at ¶¶ 222(b), 110-13). Plaintiff further supports her Motion for Class Certification (Doc. 52) with a Declaration attesting that following interactions with Orlando Health's website, she "began receiving targeted advertisements on Facebook for medical devices related

to ileostomy care, liver health supplements, and cardiac monitoring devices." (Doc. 52-2 at ¶ 7); (*see also* Doc. 1 at ¶ 110 (alleging receipt of advertisements relating to her medical conditions)). Plaintiff's Facebook posts relating to her health information may show these ads were triggered by Plaintiff's *own* disclosures and activity on Facebook. Orlando Health is entitled to the production of any such Facebook postings by Plaintiff to rebut Plaintiff's allegations in the Complaint and in her Declaration in support of her Motion for Class Certification.[1]

Lastly, Orlando Health's request is proportional and not harassing. Orlando Health has limited its request to posts about Plaintiff's medical information—the very information placed at issue by Plaintiff. Such a narrowly tailored request is proportional because it minimizes the burden on Plaintiff who can very easily search her own social media to collect and produce relevant posts. After all, Plaintiff should be well aware of what types of information she puts on Facebook. Plaintiff did not explain how the request is disproportionate in her objections and to date has not

---

[1] Plaintiff cannot hide behind the argument that allegations and sworn statements about the targeted ads in the Complaint and her Declaration in support of the Motion for Class Certification are intended as mere 'context' or 'framing' and thus are not intended to be substantive arguments. These allegations are still within the relevant pleadings and evidence presented to the Court. As a result, discovery to refute them is relevant. *See In re Google RTB Consumer Priv. Litig.*, No. 21CV02155YGRVKD, 2022 WL 1215246, at *2 (N.D. Cal. Apr. 25, 2022) ("During the hearing, plaintiffs explained that some of the allegations in their complaint were intended as 'context' and that they did not intend to argue that they were served particular ads based on information Google gathered or inferred about them from their browsing history. However, the case as it now stands includes these allegations[.]") (internal citation omitted); *L.F. v. EF Educ. Tours*, No. 4:23-CV-1038, 2025 WL 2777586, at *6 (M.D. Pa. Sept. 29, 2025) ("Courts have generally found that requests for social media information that supports, mentions, or contradicts the plaintiff's allegations in the complaint to be relevant.").

specifically explained how the request is harassing or provided supporting evidence. *See McCrimmon v. Centurion of Fla., LLC*, No. 3:20-CV-36-BJD-LLL, 2022 WL 356160, at *9 (M.D. Fla. Feb. 7, 2022) ("[I]f Centurion continues to maintain identifying and disclosing those records would be unduly burdensome, Centurion shall disclose to Plaintiffs the nature of the burden imposed[.]"). Plaintiff's burden and proportionality objections should therefore be deemed waived as boilerplate. *See Noshirvan*, 2024 WL 4213712, at *5 ("Noshirvan does not explain how the interrogatory is harassing or seeks work product. As a result, these objections are waived.") (internal citation omitted).[2] Orlando Health requests a narrowly defined set of information that is readily accessible to Plaintiff at no cost and with minimal effort – simply reviewing her social media activity for any posts related to her health. The request is proportional.

## IV. PLAINTIFF MUST STATE WHETHER RESPONSIVE DOCUMENTS ARE BEING WITHHELD ON THE BASIS OF HER OBJECTIONS.

Moreover, and critically here, any "objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C); *Leveille v. Upchurch*, No. 3:19-CV-908-BJD-MCR, 2021 WL 1530730, at *3 (M.D. Fla. Apr. 19, 2021). Boilerplate objections are improper; responses must clearly state whether responsive documents exist. *See id.* at *5-6 ("Defendant shall specifically state whether there are or are not documents responsive to the requests, to the best of his knowledge and belief.").

[2] Plaintiff's failure to identify other objections results in their waiver. *See Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) ("Rule 34 contains a similar requirement that objections to requests for production be timely and stated with reasons[.]").

At a minimum, Orlando Health is entitled to know whether any responsive posts exist. Indeed, if Plaintiff had conducted a proper search and determined there are no responsive documents, then the objections become a moot point, and Orlando Health need not have filed this Motion. Yet, Orlando Health has been forced to proceed with the filing of a Motion to Compel without knowing if there are responsive documents being withheld. Plaintiff must conduct a search to determine whether any responsive information exists, even if some information is withheld due to objections. *See McCrimmon*, 2022 WL 356160, at *9 (granting a motion to compel because the party's response to a request made it "unclear whether any medical records . . . would be responsive to Plaintiffs' discovery requests[.]"); *MS Health, Inc. v. Cath. Charities, Diocese of St. Petersburg, Inc.*, No. 8:20-CV-2118-VMC-AAS, 2021 WL 1338836, at *4 (M.D. Fla. Apr. 9, 2021) (granting a motion to compel in part because plaintiff failed to "indicate that it does not have responsive documents."); *Archer v. City of Winter Haven*, No. 8:16-CV-3067-T-36AAS, 2017 WL 5158142, at *11 (M.D. Fla. Nov. 7, 2017) ("If no responsive documents exi[s]t, Defendants must say so."). Plaintiff's failure to provide this baseline of information goes against the purpose of the Federal Rules which "strongly favor full discovery whenever possible[,]" *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1543, 1547 (11th Cir. 1985), and the Local Rules emphasizing that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle Dist. Discovery (2021) at I(A)(1).

## V. REQUEST FOR REASONABLE EXPENSES, INCLUDING ATTORNEYS' FEES.

Orlando Health is entitled to recovery of its reasonable attorneys' fees pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 requires the court to award a prevailing party's reasonable attorneys' fees if a motion to compel is granted, unless certain exceptions apply. Fed. R. Civ. P. 37(a)(5)(A); *Stinson v. Sec. First Ins. Co.*, No. 2:22-CV-122-JLB-KCD, 2022 WL 8186702, at *1 (M.D. Fla. Sept. 22, 2022) ("This sanctions provision in Rule 37 is self-executing—the court *must* award expenses if the disclosures or requested discovery are provided in reaction to a motion to compel."). Here, no exception applies.

Orlando Health made good faith efforts to resolve the dispute before filing this motion, including email correspondence and multiple video conference meet-and-confers. Plaintiff's position is not substantially justified because Plaintiff has put her Facebook posts concerning her health information directly at issue through the allegations in the Complaint and her Declaration in support of the Motion for Class Certification. Moreover, her refusal to disclose whether responsive documents are being withheld has no substantial justification, as such a tactic is in direct violation of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(2)(C).

There are no circumstances that would make an award of attorneys' fees and costs unjust because Plaintiff has failed to clarify if any posts are even responsive or to even undertake a review to make this determination. Plaintiff has risked wasting Orlando Health's and the Court's resources on a dispute that may be moot if no

responsive posts exist. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 699 (S.D. Fla. 2011) (explaining that "by asserting baseless relevancy and privacy objections, [defendant] threw the Plaintiffs off course . . . [and] needlessly produced a second litigation over what should have been a **routine discovery matter** to be handled by counsel without court intervention.") (emphasis in original). Accordingly, this Court should find that Orlando Health is entitled to its reasonable attorneys' fees and costs in filing this motion.

For the foregoing reasons, Orlando Health respectfully requests that the Court order Plaintiff to produce Facebook posts made by her relating to her health and award Orlando Health its reasonable attorneys' fees and costs incurred in filing this Motion.

## LOCAL RULE 3.01(g) CERTIFICATION

Prior to filing this Motion, counsel for Defendant and Plaintiffs conferred via e-mail and in a meet-and-confer on October 3, 2025, and November 7, 2025, in a good faith effort to resolve the issues raised in the Motion. Plaintiff opposes the relief sought in this Motion.

Dated: November 25, 2025.

*/s/ Yameel L. Mercado Robles*

Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
Yameel L. Mercado Robles
Florida Bar No. 1003897
ymercadorobles@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000

Facsimile: 407.841.0168

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 25, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF filing system, and served it via electronic mail on all counsel of record as follows:

Joseph M. Lyon
Clint Watson
THE LYON FIRM
2754 Erie Ave.
Cincinnati, Ohio 45208
jlyon@thelyonfirm.com
cwatson@thelyonfirm.com

Mariya Weekes
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
201 Sevilla Ave., 2nd Floor
Coral Gables, Florida 33134
mweekes@milberg.com

*/s/ Yameel L. Mercado Robles*
Yameel L. Mercado Robles