**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

W.W., *et al., individually and on behalf of all others similarly situated*,

Plaintiff,

v.

Orlando Health, Inc.,

Defendant.

Case No. 6:24-CV-01068

Judge Julie S. Sneed

Magistrate Judge Robert M. Norway

**PLAINTIFF'S OBJECTION TO**
**NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE**

Plaintiff W.W. ("Plaintiff"), through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 72(a), objects to the January 22, 2026 order awarding Defendant "reasonable expenses and costs" in conjunction with its motion to compel Plaintiff's Facebook posts. *See* ECF No. 75 (the "Order").

## BACKGROUND

Plaintiff filed her Complaint on June 10, 2024. ECF No. 1. The Complaint brought claims on behalf of Plaintiff and the putative class members alleging that Defendant violated both federal and state law by disclosing their protected health information to third parties like Facebook and Google. Defendant moved to dismiss Plaintiff's claims in their entirety, and on March 6, 2025, the Court issued an opinion and order that denied Defendant's motion with respect to all claims except invasion of privacy. ECF No. 38.

Thereafter, the parties engaged in discovery related to class certification. During the discovery process, the parties reached an impasse on the issue of Plaintiff's social media postings, specifically her health-related posts on Facebook. Defendant filed a motion to compel production (ECF No. 62), which was opposed by Plaintiff (ECF No. 63) and set for a hearing in front of Magistrate Judge Norway. ECF No. 64.

On January 22, 2026, following oral argument, Magistrate Judge Norway entered an Order granting Defendant's motion, and awarding Defendant its reasonable expenses, costs, and attorneys' fees to be paid by Plaintiff by February 5, 2026. *See* ECF No. 75 (the "Order").

## LEGAL STANDARD

Fed. R. Civ. P. 72(a) provides the mechanism by which a party may object to a Magistrate Judge's order on a nondispositive matter. The rule provides that such objections must be filed within 14 days after the challenging party is served with the order and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Matter of Application of O'Keeffe*, 184 F. Supp. 3d 1362, 1366 (S.D. Fla. 2016), *aff'd sub nom. In re O'Keeffe*, 660 F. Appx. 871 (11th Cir. 2016); *see also Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, 2017 WL 2992059, at *1 (M.D. Fla. July 14, 2017) (same, collecting cases).

## ARGUMENT

Plaintiff objects to the Order[1] on two bases. *First*, the award of expenses, costs, and attorneys' fees should be set aside because Plaintiff's position in opposing the requested discovery was substantially justified. *Second*, the Order awarded fees without fixing an amount, without requiring Defendant to file a properly supported fee petition or declaration, without providing Plaintiff any opportunity to challenge the reasonableness of the request, and with a payment deadline that preceded any meaningful opportunity to be heard. This procedure violated Rule 37(a)(5)(A)'s mandatory requirements.

### A. Costs and Expenses Should Not Have Been Awarded Because Plaintiff's Non-Disclosure Was Substantially Justified

A court "must not order" the payment of a movant's reasonable expenses and attorney's fees where the opposing party's "nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). Opposition to a motion to compel is "substantially justified" so long as "there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (alteration in original) (citations and internal quotation marks omitted). Here, Plaintiff's objections were substantially justified because the information is not relevant to any claim or defense and thus not discoverable.

---

[1] For clarity, Plaintiff is not objecting to the Court's underlying decision to grant Defendant's motion to compel the production of Plaintiff's health-related Facebook posts. Rather, Plaintiff is objecting only to the award of expenses, fees, and costs.

Defendant has an independent duty to obtain patients' written authorization before using PHI for marketing purposes. Within this framework, patients' non-public Facebook posts have no bearing on the claims or defenses at issue in this case.

Plaintiff's claims rest on the allegations that Defendant disclosed her and Class Members' PHI without express written consent. HIPAA requires that Defendant, as a medical provider, maintain the confidentiality of an individual's PHI and may only disclose an individual's PHI for marketing purposes if it has express written consent. *See* 45 C.F.R. § 164.508 ("Notwithstanding any provision of this subpart, other than the transition provisions in § 164.532, a covered entity must obtain an authorization for any use or disclosure of protected health information for marketing . . . ."). Florida law is in accord. *See* Fla. Stat. Ann. § 456.057(7)(b) ("Absent a specific written release or authorization permitting utilization of patient information for solicitation or marketing the sale of goods or services, any use of that information for those purposes is prohibited."). If an individual posts about their health information on social media, this does not operate as express written consent or a waiver of their medical provider's independent duty of confidentiality.

Plaintiff's counsel argued this very point before the Court, stating: "And a health care provider is supposed to get a written authorization, not just supposed to, but required to get written authorization to use PHI for marketing purposes. Otherwise, [the disclosure] is strictly forbidden." ECF No. 78, Transcript of January 22, 2026 Hearing at 15:20-23 ("Tr."). Even Defendant stated that this was not the argument it was making:

> Orlando Health is not contending that because plaintiff shares her personal medical information with her friends on Facebook, in what is now a private account, Orlando Health can use the information however it wants and to disclose it to third parties. That is not why we are seeking this information. This is not why we are here.
>
> Tr. 9:1-6.

Instead, under questioning from the Judge about the elements of the claims, Defendant argued that if Plaintiff posted about her health information on social media, then that information is no longer "sensitive" or "confidential" (Tr. 11:14-25; 12:1-12) which, according to Defendant, undermines Plaintiff's claims.[2] In reality, this argument can only potentially implicate Plaintiff's breach of confidence claim.[3] Therefore, Defendant suggests, if the information Plaintiff posted on Facebook is deemed "public" then no breach of confidence claim could prevail.

---

[2] In fact, Defendant's Motion to Compel does not even make the argument that Plaintiff's Facebook posts undermined the confidential nature of her medical information as it relates to Defendant's duty of confidentiality. Instead, Defendant's arguments at that time were twofold: (1) "If Plaintiff publicly disclosed her medical information for free, it suggests she attributes very little value to it; afterall, if she publicly discloses such information for free on social media then she would not have been able to 'sell' it for much value, if any."; ECF No. 62 (PageID 1467-68) and (2) that "Plaintiff's Facebook posts relating to her health information may show these ads were triggered by Plaintiff's *own* disclosures and activity on Facebook." *Id.* at PageID 1469.

[3] Establishing Defendant's liability under the federal Wiretap act or FSCA does not require that the information be "confidential" or "sensitive" and thus postings on Facebook have no bearing on those claims. The law simply requires that Defendant intercepted and transmitted information during an electronic communication. Fla. Stat. Ann. § 934.10 ("Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-934.09 shall have a civil cause of action"); *see also* 18 U.S.C.A. § 2511(1)(a) (similar federal Wiretap act requirement).

However, there are significant questions about whether a medical patient's Facebook posts (which are limited to that person's friends as opposed to the general public) are deemed "public." Courts discussing the well-established principles of a breach of confidence claim have recognized that "it is for the patient—not some medical practitioner, lawyer, or court—to determine what the patient's interests are with regard to personal confidential medical information." *Biddle v. Warren Gen. Hosp.*, 715 N.E.2d 518, 528 (Ohio 1999). Both HIPAA and Florida law do not provide that a medical patient can waive the confidentiality of medical information through a Facebook post. Moreover, Defendant's alleged disclosures of Plaintiff's and Class Members' medical information cannot be premised on Defendant's knowledge after-the-fact that Plaintiff had posted about her medical conditions on Facebook. Instead, at the time Defendant allegedly made the disclosures, Defendant had no knowledge of Plaintiff's Facebook posts.

On this basis as well as the additional arguments in Plaintiff's Opposition to Defendant's Motion to Compel, Plaintiff had substantial justification to object to the discovery at issue.

Despite this, the Court's oral ruling stated:

> So the Court is going to grant the motion. I think this was well argued here today. But I don't think this is a close issue at all.
>
> The plaintiffs' conduct in *In re Google* case made clear it's entirely relevant as to whether or not she can actually state her claims and prove her claims in this case, particularly whether or not the information that was allegedly shared was nonpublic information or confidential information, however you want to frame that issue.

> That's entirely relevant to what's going on here. It's applicable. And to the extent that information is out there, it needs to be disclosed. I do not find that this was a close case at all.

Tr. 32:21-25; 33:1-8.

Defendant's (and the Court's) reliance on *In re Google RTB Consumer Priv. Litig.*, 2022 WL 1215246, at *2 (N.D. Cal. Apr. 25, 2022) for the proposition that a plaintiff's internet activity is relevant to Defendant's defense is misplaced. First, *In re Google* was a suit against Google, not a medical provider who is under a heightened duty pursuant to HIPAA. And here, unlike in *In re Google*, Plaintiff's claims only relate to her PHI provided to Defendant, not general browsing data. Second, Plaintiff here has already produced a significant amount of Facebook data and Google data to Defendant with the exception of Plaintiff's posts on Facebook. Third, the court in *In re Google* did not award costs to defendant for bringing its motion to compel. Fourth, in *In re Google*, plaintiffs were communicating directly with Google; whereas here, the Facebook posts at issue were between Plaintiff and her limited friends group when she posted to her non-public account.

Federal requirements under HIPAA, and Florida law, create a substantial privacy interest and justification for objecting to producing Plaintiff's health-related Facebook posts because "there is a genuine dispute, or [] reasonable people could differ as to [the appropriateness of the contested action]." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011). Under that standard, it was improper to award fees and costs to Defendant.

### B. Rule 37 Fee-Sanctions Require Notice and a Meaningful Opportunity to Be Heard, Which the Order Here Denies

Fed. R. Civ. P. 37 states that, "[i]f the motion is granted … the court must, ***after giving an opportunity to be heard***, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). But a district court does not have "unbridled" discretion to impose sanctions under Rule 37. *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986). Courts have interpreted the Rule to allow "the parties [to] have an opportunity to present their arguments as to the propriety of sanctions, *submit affidavits on the amount of such fees and costs, with an opportunity for the sanctioned party to file a motion challenging said affidavits*." *Id.* at 1522 (emphasis added); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) (fees should not be assessed "without fair notice and an opportunity for a hearing on the record").

Here, the Order simply states that Plaintiff is to pay Defendant's "reasonable expenses and costs … on or before February 5, 2026." *See* ECF No. 75. The Order is contrary to law because it orders expenses, costs, and attorneys' fees without: (1) providing Plaintiff with an opportunity to be heard on the request, and (2) any mechanism to assess the reasonableness of Defendant's request.

Moreover, Defendant did not identify the amount of its fee request until January 30, 2026, and its counsel did not provide a copy of their redacted time records until the late afternoon of February 3, 2026. *See* Declaration of Clint Watson ("Watson

Decl.") at ¶ 6, attached hereto as **Exhibit 1**. The time records were Defendant's only support for its request—it did not provide any caselaw or affidavits supporting its reasonableness. *Cf. Pesaplastic*, 799 F.2d at 1522; *see also Bryan v. Matthews*, 2023 WL 8879269, at *3 (N.D. Fla. Sept. 12, 2023) ("The County Defendants' request for expenses does not state the amount or nature of those expenses or explain why they are reasonable. If Defendants still seek payment of expenses, then they must file a declaration detailing the nature and amount of expenses they incurred in opposing the motion to compel and an explanation as to why they are reasonable. If Defendants file such a declaration, then the Court will provide Plaintiff an opportunity to be heard on the issue of the propriety of an award of expenses and the reasonableness of the amount requested by Defendants."). Assuming the deadline to object is February 5, 2026,[4] Plaintiff's counsel has only had five (5) business days to consider the amount of the request, and merely two (2) days to consider Defendant's supporting materials (which

---

[4] It does not appear that any part of the Order has become final (and therefore objectionable) because it awarded an unfixed amount of attorneys' fees. *See* ECF No.75; *Jaffe v. Sundowner Properties, Inc.*, 808 F.2d 1425, 1427 (11th Cir. 1987) ("[T]his Court is without jurisdiction to hear the merits of this appeal, which must be dismissed for lack of jurisdiction. When the amount of the Rule 37(d) attorney's fees award is fixed and the district court issues a final order, if an appeal is taken, the parties may refile the briefs heretofore submitted on the merits, with such supplemental briefing as they desire."); *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985) ("On appeal, however, we cannot realistically hold against this standard the determination of the court below unless there is offered on the record both a justification for the sanction a*nd an accounting by the court, and by the party adverse to the nonfeasant lawyer, of the 'reasonable expenses, including attorney's fees . . . .*"') (emphasis added).

did not include a declaration or affidavit). And more importantly, the Court has not received any supporting evidence regarding the reasonableness of the request.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court vacate the Order granting Defendant's expenses, costs, and attorneys' fees because Plaintiff's opposition to the requested discovery was substantially justified. In the alternative, Plaintiff respectfully requests the Court instruct the Magistrate Judge to require Defendant to file a properly supported fee petition and provide Plaintiff with an adequate opportunity to be heard on that request before expenses, costs, and attorneys' fees are ordered.

Dated this 5th day of February, 2026.

Respectfully Submitted,

*/s/ Mariya Weekes*
Mariya Weekes (FL State Bar No. 56299)
**MILBERG, PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, FL, 33131
Tel: (866) 252-0878
*mweekes@milberg.com*

Joseph M. Lyon*
Clint Watson*
**THE LYON FIRM**
2754 Erie Ave.
Cincinnati, Ohio 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*jlyon@thelyonfirm.com*
*cwatson@thelyonfirm.com*

W.B. Markovits*
Dylan J. Gould*
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 4502
Phone: (513) 651-3700
Fax: (513) 665-0219
*tcoates@msdlegal.com*
*dgould@msdlegal.com*

***Counsel for Plaintiff and the Putative Class***

* *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed on February 5, 2026 through the Court's CM/ECF filing system and that all counsel of record receive a copy of the document through that service.

*/s/ Mariya Weekes*
Mariya Weekes