UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

W. W.,

Plaintiff,

vs.

ORLANDO HEALTH, INC.,

Defendant.

Case No. 6:24-cv-1068-JSS-RMN

# ORDER

This matter is before the Court without oral argument after a review of the docket. On January 22, 2026, I issued an order granting a motion to compel filed by Defendant, Orlando Health, Inc. after a hearing on the motion attended by counsel for both parties. Dkts. 74 (hearing minutes), 75 (order). For the reasons stated on the record at the hearing, I awarded costs to Defendant pursuant to Federal Rule of Civil Procedure 37(a)(5), as requested by Defendant in its motion. *See* Dkt. 62 at 1472–73.[1]

Although given an opportunity to argue the issues raised in the motion at the hearing, Tr. 28:4 ("Do you have any other additional

[1] Pinpoint citations to docket filings are to the PageID contained in the cm/ecf header.

argument, sir?"), counsel who appeared for Plaintiff, Mr. Clint Watson, declined to present argument on the issue of costs, Tr. 28:6–19 (presenting argument on the merits of the discovery dispute), 29:3–4 (declining to present further argument). Even so, Plaintiff filed an "objection" to the January 22, 2026 Order arguing she was not provided notice and a meaningful opportunity to be heard on the award of costs.[2] Dkt. 79 at 3015–3017.

I construe Plaintiff's objection as a motion for reconsideration. Upon consideration, I grant the motion to the extent it seeks reconsideration of the award of expenses and costs. The portion of the January 22, 2026 Order directing Plaintiff to pay costs on a date certain is vacated. To the extent the motion seeks any other relief, it is denied.

I further find that additional briefing is required to resolve whether the Court should award expenses and costs. Defendant shall file a supplemental brief that responds to the arguments raised in Plaintiff's objection on or before February 13, 2026. Defendants' brief shall also include the amount of expenses and fees sought, legal authority supporting that request, and any necessary evidence. The amount sought shall include, to the extent supportable, any expenses and costs incurred by Defendant for (1) conferring about the discovery

[2] Though styling this filing as an "objection," Plaintiff curiously takes the position in the filing that the January 22, 2026 Order is not final. Dkt. 79 at 3016 n.4.

dispute resolved by the Court's Order, (2) preparing the motion to compel, (3) preparing for the hearing on the motion to compel, (4) arguing the motion to compel, (5) conferring about the award of expenses and costs, (6) preparing Defendant's supplemental brief as required by this Order, (7) preparing for a hearing on an award of expenses and costs, and (8) arguing the issue of an award of expenses and costs. Defendant's supplemental brief may be no more than twelve pages, excluding any declarations or other evidence submitted to support the request.

Plaintiff shall file a supplemental brief limited to the quantum of the award sought no later than noon on February 18, 2026. Plaintiff's supplemental brief may be no more than six pages.

The Court will set a hearing on this issue by separate notice. Lead counsel for each party shall attend the hearing in person.

**SO ORDERED** in Orlando, Florida, on February 6, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record